UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>DARIUS WILLIAM LI CHUNG,<br><br>    Defendant/Movant.<br>_____/ | No. CR 12-47 PJH<br><br>**ORDER DISMISSING SECOND OR SUCCESSIVE § 2255 MOTION** |

    Before the court is the motion of defendant Darius William Li Chung ("Chung"), appearing pro se, for an order waiving the portion of his sentence imposing a $10,000 fine. Doc. no. 50. Chung is currently serving a sentence imposed by this court. On November 18, 2013, Chung filed a previous "motion to vacate his sentence under 28 U.S.C. § 2255." Doc. no. 32. *See also United States v. Chung*, No. CR 12-289 PJH, doc. no. 30. In response to the order to show cause, doc. no. 34, the government filed and served an opposition to that § 2255 motion. Doc. no. 42. By order entered May 8, 2014, the court denied Chung's first motion to vacate, set aside, or correct his sentence pursuant to § 2255. Doc. no. 46.

    In the instant motion, Chung seeks waiver of the $10,000 fine or, in the alternative, "a set payment, like $25 quarterly or suspend my payment until I get out of prison." Doc. no. 50. Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A motion that is in substance a habeas petition

"should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion was construed as a habeas petition)).  Thus, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application.  *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531).

The instant motion seeks relief from the sentence pursuant to § 2255 and challenges the same judgment that Chung challenged in his earlier § 2255 motion.  If a prisoner seeks to assert a claim that was not presented in his first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion.  *See Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.") (citing § 2244(b)(3)(A)).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a second or successive § 2255 motion is filed, it must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  Therefore, the district court lacks jurisdiction to consider the second or successive motion unless the prisoner receives certification from the court of appeals.  *See United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (finding district court did not have jurisdiction and therefore erred in reaching the merits of a newly discovered *Brady* claim because petitioner failed to first obtain certification from the Ninth Circuit to file a second or successive petition pursuant to § 2255(h)).

Because Chung has not obtained certification to file a second or successive § 2255 motion, it is barred as a second or successive § 2255 motion.  Without the requisite authorization by the court of appeals, this court lacks jurisdiction to consider the instant

motion for relief from the sentence pursuant to § 2255.  The motion is therefore DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated:  September 22, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge